HILDA J. RUDD v. OSMAN FOSSEEN and Others.[1]

December 17, 1900.

Nos. 12,421—(114).[2]

**Necessary Parties to Action.**

Persons not interested in the subject-matter of an action, and whose rights will not be in any way affected by a final judgment therein, are not necessary parties thereto.

**Same—Specific Performance—Contracts for Undivided Interests.**

In this action—one to enforce the specific performance of a contract to convey an undivided one-third of certain property—it appears from the pleadings that two persons, not parties thereto, have brought similar actions to enforce a similar contract as to the remainder of such property, and it is *held* that such other persons, not claiming any interest in the portion of the property claimed by plaintiff, are not necessary parties. And the situation is not changed, or such persons made necessary, merely by an allegation in defendant's answer that he owns the entire property.

Action in the district court for Hennepin county against Osman Fosseen, as executor of the estate of James Fosseen, deceased, and in his individual capacity and others to enforce specific performance of a contract. The court, McGee, J., granted a motion

[1] ANNA MARY RUCKHOLDT v. OSMAN FOSSEEN and Others.

Nos. 12,425—(115).

CAROLINE H. SVANBERG v. OSMAN FOSSEEN and Others.

Nos. 12,430—(116).

*John M. Rees*, for appellant.
*Manley L. Fosseen*, for respondents.

BROWN, J.

The question presented in these cases is precisely the same as that presented in Rudd v. Fosseen, and the same conclusion is reached herein.

Judgment reversed.

[2] Reported in 84 N. W. 496, 1116.

of defendant Osman Fosseen, made in his individual behalf and as executor, for dismissal of the action. From a judgment of dismissal, plaintiff appealed. Reversed.

*John M. Rees*, for appellant.

*Manley L. Fosseen*, for respondent.

BROWN, J.

Action to enforce the specific performance of a contract. A former appeal is reported in Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4. After the return of the cause to the district court, certain amendments were made to the complaint, new parties being made defendants. Issue was finally joined by answer and reply, and the cause duly noticed for trial. When called for trial, the court, on the motion of defendant Fosseen, dismissed the action as to such defendant on the ground that there was a defect of parties. Judgment of dismissal was entered, and plaintiff appeals.

Passing all other questions, we come directly to the merits of the controversy, and dispose of the appeal upon the question whether there is a defect of parties. The whole controversy is over the ownership of the property of the estate of James Fosseen, deceased. In the complaint plaintiff alleges that during the lifetime of said Fosseen she made and entered into a contract with him, by the terms of which, for a valuable and sufficient consideration, he agreed to convey to her by deed, or by last will and testament, an undivided one-third of all his property, real and personal. Fosseen died without having complied with the contract, and this action was brought against Osman Fosseen, his executor, and others interested in his estate, to enforce it. Fosseen, deceased, in fact made a will, but disposed of all his property to other persons.

It appears from the pleadings that plaintiff has two sisters, and that each claims to have made a similar contract with deceased during his lifetime, by which they also were to have and receive from him an undivided one-third of his property; and that separate actions similar to this have been brought by them to enforce the same. The rights claimed by the respective sisters are not

joint, but separate and distinct, neither claiming any right or interest in or to the one-third claimed by the other.   There is no community of interest, and the rights of one do not in any measure or degree depend upon or conflict with the rights of the others.   A complete settlement and adjustment of the issues between plaintiff and defendant may be had in the absence of the sisters, and they are not necessary parties.   15 Enc. Pl. & Pr. 611, 632.   The fact that defendant claims the entire property of deceased does not change the situation.   The plaintiff's recovery against him in this action would in no way prejudice him with respect to the claims of the other parties, nor would his recovery in any manner affect the rights of the absent parties.   The order of the court below dismissing the action was, therefore, wrong, and must be reversed.

Judgment reversed.