## E. H. RICHARDSON v. SUSAN M. RICHARDSON.[1]

February 24, 1911.

Nos. 16,753—(138).

**Specific performance.**

    In an action for the specific performance of a parol contract for the conveyance of real property, it is *held* that the complaint fails to state facts entitling plaintiff to equitable relief.

Action in the district court for Renville county to enjoin defendant from preventing performance by plaintiff and his wife of certain contracts and arrangements; from ousting them from their home; from fraudulently disposing of and giving away certain property, for the purpose of preventing plaintiff's acquisition thereof at defendant's death, and to permit them to reside in said home and to make such use of said property only as shall be required for her support and care outside of plaintiff's contracts, and for repairs, taxes and insurance. The answer alleged that on May 14, 1909, while defendant was sick and suffering from the recent shock of her husband's death, plaintiff fraudulently procured from her a conveyance to himself and wife of real and personal property; that on July 6, 1909, defendant commenced an action in the district court for Renville county for a reconveyance to defendant of the property, that thereafter on July 8, 1909, plaintiff and his wife reconveyed the property to defendant. The reply alleged that the conveyance from defendant to plaintiff was executed at defendant's solicitation, for the purpose of carrying out the contract set forth in the complaint, and that plaintiff reconveyed the property to defendant solely for the purpose of restoring it to her and to eliminate any feeling she might have that plaintiff was guilty of deceit or bad faith, and not with the intention of relinquishing his rights under the contract.

[1] Reported·in 130 N. W. 4.

From an order, Powers, J., dismissing the action, plaintiff appealed. Affirmed.

*John A. Dalzell,* for appellant.

*Rieke & Hamrum* and *Daly & Barnard,* for respondent.

[JAGGARD, J.][1]

Plaintiff brought this action, ejectment, to regain the possession of certain property which he alleged was wrongfully witheld from him, to his damage, and to recover such damages. It appears from the pleadings that the defendants, a husband and wife, in their old age, entered into an agreement with plaintiff, their nephew, that if plaintiff would get married, and if he and his wife would live with the defendants and render certain services, which are somewhat indefinitely described as being of a "peculiarly personal" character, they would convey the land to him. These services are more specifically stated thus:

"That the services so rendered by plaintiff and wife as aforesaid cannot be enumerated specifically, but consist of housework of every kind and character, in obedience to the requests and directions of the deceased and defendant, all work in and about and around the house and otherwise, of every name and nature, required in housekeeping and in running and maintaining a home, of sewing, washing, ironing, care, comfort, assistance, company, love, affection, intimate relationship, of nursing in sickness of defendant and deceased, and much other and different kind of work, service, and attention of a peculiarly personal domestic nature, describable only by the common relationship of parents and children, and of such character both inside and outside."

The services are further described in this manner: "Further complaining, plaintiff alleges that prior to the fall of 1904, for some considerable time, the defendant and her late husband had lived alone in their said home, and were lonesome, and longed for the presence and membership of. [in] their life and environment of some one or relative in whom they might have confidence, and in whose presence, cohabitation, and personal and domestic relation with them they might take comfort and better enjoy life in their old age, and

[1]See per curiam order on page 16.

so continued until deceased's death; that such lonesomeness and long-ing was more intense and pronounced in the winter months of the year than at other seasons thereof; that they and each of them were also during all of said time more or less sick, disabled, and infirm, and confined to bed on that account, principally during the winter seasons, and on that account, also, desired some one's residence in their home with them for personal and domestic comfort, care, nurs-ing, company, protection, and aid, who, on account of close relation-ship, would be more agreeable, and closer to them, and concerned about their welfare, and attentive to their peculiarly personal and domestic wants, than the ordinary person under service or attention."

It is alleged that plaintiff did marry, and did live with the de-fendants, and rendered the services described. The agreement was that if plaintiff would marry, and would live with them, with his wife, and render the services of the character mentioned, then the defendants would leave and give him all their property. Relying on this promise, plaintiff did marry and render the services men-tioned—"served them as a son would his father and mother, and in the same personal domestic relation."

The husband, R. F. Richardson, died May 5, 1909. There were no children as a result of the marriage. Decedent had owned cer-tain described real estate and certain personal estate, consisting mainly of the sum of $2,500 loaned out at interest. A warranty deed was executed to plaintiff and his wife to certain property therein described. This deed plaintiff caused to be recorded. There-upon defendant brought an action against plaintiff and his wife to have the alleged transfer of the property set aside, on the ground of fraud practiced on defendant. It appears by the answer, how-ever, that this action was dismissed by the court, on motion for judgment on the pleadings. It appears, however, that plaintiff and his wife reconveyed the property to the defendant. Plaintiff accordingly cannot claim under the warranty deed. What claim there is must be under the contract. The action is practically for the specific performance of the contract, and a demand that defend-ant be restrained from disposing of the property which plaintiff claims under that contract.

Plaintiff refers us to Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490. In that case five opinions were written. The result and the law which determines this case was stated in Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609. The rule in that case, which we think is correct, is:

"A party may obligate himself to make his will in a particular way, or to give specific property to a particular person, so as to bind his estate. But the courts will be strict in looking into the circumstances of such agreements, and require full and satisfactory proof of the fairness and justness of the transaction. Newton v. Newton, 46 Minn. 33, 38, 48 N. W. 450; Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4. [43 L.R.A. 427, 74 Am. St. 490]. The remedy for the breach of such a contract depends upon the facts of each particular case. If the contract be an oral one to devise land, and is reasonably certain as to its subject-matter and its stipulations, equity will decree specific performance, if there has been a part performance of such a character as will take a parol agreement to convey land out of the statute of frauds, upon principles which courts of equity recognize and act upon. If the consideration for the contract be labor and services, which may be estimated, and their value liquidated in money, so as reasonably to make the promisee whole, specific performance will not be decreed. But where the consideration of the contract is that the promisee shall assume a peculiar and domestic relation to the promisor, and render to him services of such a peculiar character that it is practically impossible to estimate their value by any pecuniary standard, specific performance will be decreed. Svanburg v. Fosseen, supra; Johnson v. Hubbell [10 N. J. Eq. 332] 66 Am. Dec. 773, notes." In that case an order sustaining the demurrer to the complaint was affirmed.

This case, we think, is governed by that rule. The labor and services rendered in this case are susceptible of fair estimate, which will fully compensate the plaintiff and "reasonably make him whole." The contract itself was quite indefinite. The services that were to be rendered under it, to say the least, require interpretation and explanation, especially the provision as to cohabitation. The con-

tract did not distinctly require the defendant to abstain from the use of the property, or from its disposal, or from the use of its proceeds. The matter came before the trial court upon a motion of defendant for judgment upon the pleadings. The court ordered that judgment be entered dismissing the action.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice JAGGARD, in harmony with the views of the court, the order appealed from is affirmed.