# RAYMOND L. BRASCH v. JOHN C. REEVES and Others.[1]

December 19, 1913.

Nos. 18,381—(115).

.Specific performance — evidence.

> In an action for the specific performance of an alleged oral agreement by parties now deceased to leave their property to the plaintiff at their death, it is *held* that the evidence justifies but does not require a finding that such an agreement was made; that it does not justify a finding that a part only of their property was the subject of the agreement; and that under the evidence the court might have found either that there was no agreement warranting specific performance, or that, if there was such an agreement, it included all of the property owned at their death, but could not find that there was an agreement embracing less than all.

Action in the district court for Chippewa county to adjudge plaintiff to be the absolute owner of all property which belonged to Rachel J. Brasch, deceased, and to enforce specific performance of a verbal agreement between his mother and Rachel J. Brasch and her husband. The answer of the administrator of the estate of Rachel J. Brasch, deceased, alleged that neither the contract, if any there was, for the conveyance of lands and personal property, nor any note or memorandum thereof expressing the contract and consideration was ever in writing and subscribed either by Frederick W. Brasch or Rachel J. Brasch, his wife. The case was tried before

---

[1] Reported in 144 N. W. 744.

Note.—The authorities on the specific performance of a contract to leave property to child in consideration of his living with promisor are reviewed in a note in 44 L.R.A.(N.S.) 756.

Qvale, J., who made findings and ordered judgment in favor of plaintiff as to certain land in Chippewa county; and in favor of the heirs at law of said Rachel as to the residue of decedent's property. From the judgment entered pursuant to the order for judgment, all parties appealed. Reversed and new trial granted.

*Daly & Barnard* and *Bert O. Loe,* for plaintiff.

*E. M. Webster* and *Fosnes & Fosnes,* for defendants.

DIBELL, C.

This action is brought by the plaintiff to enforce specific performance of an alleged verbal agreement whereby he was to have the property of Frederick W. Brasch and Rachel J. Brasch, husband and wife, at their death. Frederick W. Brasch died June 2, 1906, and Rachel J. Brasch died July 5, 1911. Both died intestate. Upon his death all of Brasch's property passed by the decree of the probate court to Rachel J. Brasch. The heirs at law and the administrator of Rachel J. Brasch are the defendants. Judgment was entered adjudging by way of specific performance that the plaintiff was the owner of certain property in Chippewa county of which Rachel J. Brasch died seized; and that the defendant heirs were the owners of the rest of her property. The plaintiff and the defendants appeal.

The Brasches were childless. For many years they lived upon a farm in Renville county. The plaintiff was born there on June 18, 1884. When he was about one and one-half years old, and after the death of his father, his mother, who was about to marry, claims to have made an agreement with the Brasches, with whom she had herself lived since she was two years old, relative to the care of her child. She claims that they wanted to keep him, and agreed that if she would leave him with them they would rear and educate him as their own and would leave him their property at their death. Soon afterward she married, after a few years went west, and passed out of the lives of her son and the Brasches. The plaintiff was reared by the Brasches and the ostensible relation between them was that of parent and son. He was not told that they were not his parents and he supposed that they were. He lived with them until the death

of Mr. Brasch and afterwards lived with Mrs. Brasch until her death.

The court found that the Brasches took the plaintiff under an agreement with his mother that,. if she would leave him with them, they would rear and educate him, and after they were through with their property they would give the child what they had left. This finding is justified. The court further found that the property in contemplation was the property upon which they then lived in Renville county. This finding is not justified. Under the evidence there was an agreement that the plaintiff should have all of the property owned by the Brasches at their death or there was no agreement. Pursuant to its finding that the agreement related to the Renville county farm, the court decreed to the plaintiff the home farm in Chippewa county which it is assumed came from the proceeds of the Renville county farm which was sold prior to the death of Brasch. In addition to the land decreed to the plaintiff, Mrs. Brasch died seized of considerable other property which was decreed to the defendant heirs.

The law applicable to cases of this kind is well settled. There must be full and satisfactory proof of the fact of a contract and of its terms before there can be specific performance. If the contract is sufficiently proved, and is definite in terms, and there has been performance by the plaintiff, and a peculiar and domestic relation has been assumed pursuant to which services incapable of pecuniary valuation have been rendered, specific performance will be decreed. The evidence is always to be examined attentively and weighed carefully. The object is to find the truth. The large burden of responsibility for a correct result is upon the trial court. The following cases illustrate the principles applicable: Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324; Laird v. Vila, 93 Minn. 45, 100 N. W. 656; Richardson v. Richardson, 114 Minn. 12, 130 N. W. 4; Haubrich v. Haubrich, 118 Minn. 394, 136 N. W. 1025.

We are unable to hold, though we appreciate that the trial court has given the case painstaking care, that the evidence justifies a finding that the agreement related to less than all of the property which

the Brasches owned at the time of their death. A finding either way upon the question whether any agreement at all was made would have support. Under the evidence now before us the plaintiff should have none or all of the land. Since the findings cannot be sustained as showing an agreement as to a part of the land only, and all parties have appealed, a new trial of all the issues should be granted. Mutual concessions may make unnecessary a second trial of an uncertain and troublesome question of fact.

Judgment reversed on both appeals and new trial ordered.