## ADDIE V. OLSEN AND ANOTHER v. CHARLES DIXON AND OTHERS.[1]

November 20, 1925.

No. 24,851.

**When specific performance of oral promise to compensate services will be denied.**

1. A promise by the owner of real and personal property to transfer it to the promisees by will or deed in consideration of services to be rendered by the promisees cannot be enforced specifically when the contract is not in writing and the services rendered by the promisees were preparing meals for the promisor, doing his washing and mending, and nursing him when he was ill. Such services are not of a peculiarly personal or domestic nature and the promisees have nothing but a claim against the promisor for the reasonable value of their services.

[1]Reported in 205 N. W. 955.

**No estoppel against questioning validity of such contract.**

2. The fact that the promisees gave up their occupation in another state and came to Minnesota at the request of the promisor to perform the services in question is not enough to estop the promisor or his heirs from questioning the validity of the parol contract.

1. See Specific Performance, 36 Cyc. p. 673
2. See Specific Performance, 36 Cyc. p. 672.

1, 2. See note in 44 L. R. A. (N. S.) 748; 25 R. C. L. 307.

Action in the district court for Olmsted county. At the trial before Callaghan, J., he sustained the objection specified in the third paragraph of the opinion. Plaintiffs appealed from an order denying their motion for a new trial. Affirmed.

*A. J. Rockne* and *D. C. Sheldon,* for appellants.

*Henry O. Christensen* and *Morphy, Bradford & Cummins,* for respondents.

LEES, C.

This is a suit to enforce specific performance of a parol contract between the plaintiffs and James L. White, now deceased.

In effect the contract was one which provided that White should dispose of all his property by will, designating plaintiffs as sole beneficiaries under the will in consideration of personal services they were to render to him during his lifetime.

At the trial, after counsel for plaintiffs had made his opening statement, objection was made to the introduction of any evidence on the ground that the complaint fails to state facts constituting a cause of action. The objection was sustained and an application for leave to amend the complaint in certain particulars was denied. A motion for a new trial followed. Plaintiffs appealed from a denial thereof.

A statement of the material facts follows. In the year 1914 White was a widower about 70 years of age and lived alone on a farm in Olmsted county. Plaintiffs were trained nurses and had employment at Milwaukee, Wisconsin. Their parents and White were

neighbors. White repeatedly requested plaintiffs to give up their work at Milwaukee and make their home with their parents in order that they might care for him in his old age and render to him such domestic services as he needed. To induce them to comply with his request, he promised to convey to them about one acre of his land upon which they might erect a dwelling-house where they could live, and also promised that, if they prepared his meals, did his washing and mending and nursed him when he was ill, he would devise the remainder of his real estate to them and bequeath to them such personal property as he might own at the time of his death. Plaintiffs accepted White's offer, gave up their positions in Milwaukee, returned to the home of their parents, erected a substantial dwelling house on the acre White conveyed to them, moved into the house, responded to all of White's requests for assistance, furnished his meals, did his mending and washing, nursed him in times of illness, and in all things performed their part of the contract to White's entire satisfaction.

In the year 1921, White was declared to be mentally incompetent and committed, by the probate court of Olmsted county, to the hospital for the insane at Rochester, where he remained until he died in 1922. He failed to execute a will or transfer any of his property to plaintiffs except the acre heretofore mentioned. No widow, children or issue of deceased children survived, his heirs at law being his sister and the children of deceased brothers and sisters.

The first named defendant was appointed administrator of White's estate and petitioned the probate court for a license to sell his real estate, whereupon this suit was begun to enjoin the administrator from making the sale and to compel the transfer to plaintiffs of the residue of the estate after the administration thereof had been completed.

Similar cases have frequently been brought to this court and the law is now well settled. The cases are collected in section 10207 of Dun. Dig. and Supplements.

A contract like the one described in the complaint cannot be enforced specifically, unless the assumption by the promisee of rela-

tions of a personal and domestic nature is one of the elements of the contract. If the services to be performed are not those which the promisor may procure from a hired servant and if they consist in whole or in part of giving to the promisor the companionship and personal attention which are common among members of a family living together in one household, and which are incapable of measurement by pecuniary standards, specific performance of the contract may be decreed. But, if the services might have been rendered by a stranger as satisfactorily as by the promisee and the relations of the parties are not of a peculiarly personal or domestic nature, the promisee has a claim against the promisor for the reasonable value of the services and nothing more. Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Richardson v. Richardson, 114 Minn. 12, 130 N. W. 4.

We think this case is one of the class last mentioned. The parties were not members of the same household. Plaintiffs' services could have been performed by any woman who knew how to do ordinary housework and nursing. We see no reason why the value of the services cannot be ascertained and adequate compensation made by a money payment.

Much is made of the fact that plaintiffs gave up their work in Milwaukee in order to be of service to White; that this was a change in their situation, made on the faith of the contract, and that it is a fraud upon them to set up the invalidity of the contract to avoid specific performance thereof. Brown v. Hoag, 35 Minn. 373, 29 N. W. 135, is cited in support of this proposition.

In Chapel v. Chapel, 132 Minn. 86, 155 N. W. 1054, the promisee contended that he could compel specific performance of a parol contract for the conveyance of land because he had sold his farm in Wisconsin and come to Minnesota and operated the promisor's farm in reliance upon the contract. Brown v. Hoag, supra, and other Minnesota cases were reviewed by the court, and it was held that none of them went so far as to warrant a holding that the removal from one state to another and a change of occupation were sufficient to constitute a part performance of the contract. We think the

Chapel case is in point here and that plaintiffs' change of occupation and removal from Milwaukee were not enough to estop White or his heirs at law from questioning the validity of the oral promise.

Order affirmed.