HANS J. HANSON v. EDWIN BOWMAN AND OTHERS.[1]

January 22, 1937.

No. 31,048.

<hr />

[1]Reported in 271 N. W. 127.

*Sweet, Johnson & Sands* and *Elmer W. Lutz,* for appellants.
*Constant Larson* and *Borchert & Metcalf,* for respondent.

HOLT, JUSTICE.

The defendants other than the administrator Bowman appeal from the order denying a new trial. Plaintiff's action was for specific performance of a contract made in his behalf with Christian Frederick Wilhelm Johnson, deceased. Defendant Bowman is the administrator of the deceased's estate, and the other defendants are heirs of the deceased. The complaint alleged in substance that in 1890 the deceased Johnson and his wife, being childless and desiring plaintiff, who was then about six and a half years old, to come into their home, agreed with plaintiff's parents, acting in behalf of plaintiff, to take plaintiff into the family to be to them a son and as such they would rear and educate him and leave him the property of which they died seized or possessed; that plaintiff worked and cared for the deceased and his predeceased wife and rendered them a son's service during their life; and that he had fully performed his part of the agreement, but that the deceased did not give or devise any of the property whereof he died seized to plaintiff. The property so left is described, and the appropriate relief is asked. The de-

fendants other than Bowman admitted that they were heirs of the deceased and that plaintiff worked for deceased and his wife when young, but allege that his services were such as could readily be compensated for in money; and pleaded the statute of limitations in bar; also full payment by deceased during his lifetime; they also averred that the agreement was within the statute of frauds and was without consideration. The court made detailed findings of fact, the substance of which is: Deceased would take plaintiff into his family as his son, rear and educate him as such, and upon the death of deceased and his wife all the property owned or possessed by them would be left to plaintiff; that plaintiff would live with them and care for and serve them as a son; and that plaintiff fully performed his part of the agreement. The conclusion of law was that plaintiff was owner of all property of which the deceased died seized, that he have specific performance of the contract, and that the administrator upon completing the administration of the estate turn over to plaintiff all the estate, real and personal property, of the deceased.

The assignments of error attack each of 26 findings of fact. An attentive consideration of the entire record will convince an unbiased mind that every finding has adequate support. There is so much in the testimony that appeals to what a childless married couple would be likely to agree to in order to get a young child of a relative to come into their home and be a child to them. The relatives of the deceased Johnson, except a brother, were in Denmark at that time. Plaintiff was one of the six children of the sister of the wife of the deceased, then living in Minneapolis. Apparently neither family was in good circumstances. Children when young and unable to assist are a burden, but as they grow older can be of assistance, especially so on a farm. Deceased owned an 80-acre farm near Osakis. An older sister of plaintiff's had stayed with deceased during several months. Plaintiff's mother came for her as she could assist her somewhat. Deceased Johnson was subject to slight epileptic attacks, and thought the boy, as he grew older, might be of some use if these attacks came when deceased was in the field. And what would be more natural than that these

two people, childless after eight years of married life, would readily agree to leave all their property to a young boy who would come into their home and be to them as their own son. There is persuasive testimony that plaintiff acted the part of a son to deceased and his wife from 1890 until he was 24 years old, at which time, with their consent, he went to Minneapolis and married. When, after four years, he returned to Osakis and some arrangement was made whereby he rented the farm, it was such an arrangement as would readily be made between father and son. The assistance expected from a son and family by a father in sickness and death was dutifully rendered.

Counsel for appellants have grouped their assignments of error and argument under three headings. The first is that the court is without jurisdiction of the necessary parties for a decree of specific performance. There being real estate involved, it is claimed that all the heirs of the deceased are necessary parties, even though as to the personal property the administrator may be the only necessary defendant. Defect of parties must be raised by demurrer or answer. 2 Mason Minn. St. 1927, §§ 9251 and 9252. In this case it could not be raised by demurrer, for the complaint disclosed no defect. In such a case the answer must sufficiently plead the defect or it is considered waived. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1934) § 7323; Spinner v. McDermott, 190 Minn. 390, 251 N. W. 908. Appellants' answer did not plead defect of parties. At the trial the appellants by motion to dismiss raised the point that it was incumbent on plaintiff to prove that all the heirs of the deceased were made parties to the suit. Since defect of parties must be pleaded, we take it the burden is upon the pleader to prove that there are others than those named as parties who are in fact necessary parties. The trial of this case began in April, and after plaintiff rested it was continued until in July of the same year, when, at plaintiff's request, the case was opened with leave to offer further testimony. At that time appellants moved to amend the answer by alleging defect of parties defendant in that Karen Sofie, a sister of deceased, had died and left surviving her two children,

Carl Robert Nielsen and Carla Christine Saxild, who as such were claimed to be necessary parties. The motion was denied. The motion was addressed to the discretion of the court. We do not think there was an abuse of discretion in the ruling. If other heirs than appellants exist they are not foreclosed of their rights in the real estate which they inherited from the deceased and which vested in them upon his death; nor are appellants prejudiced because of those heirs not being parties defendant. Rudd v. Fosseen, 82 Minn. 41, 84 N. W. 496, 1116, seems to be in point. ₁There, in an action for specific performance of a testator's agreement to leave one-third of his estate to plaintiff, defendant set up defect of parties in that plaintiff's two sisters, who each claimed specific performance of a like contract made by the testator with each of them for one-third of his estate, were not made parties, which plea was held untenable on the ground that those whose rights would not be affected by the final judgment are not necessary parties. Within this rule stated in Shields v. Barrow, 17 How. 130, 139, 15 L. ed. 158, and cited with approval in Disbrow v. Creamery Package Mfg. Co. 104 Minn. 17, 21, 115 N. W. 751, the two persons mentioned were not necessary parties, *viz.*:

"(2) Persons having an interest in the controversy, who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed 'necessary parties'; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final 'justice, without affecting other persons not before the court, the latter are not indispensable parties."

If there are other heirs of the deceased, their interests are separable from those of appellants and are not cut off by a decree herein. And, furthermore, their presence as parties would in no way assist appellants in their defense; hence their absence is no just cause for complaint on their part. Of course all heirs were proper parties, and it was desirable that all should be brought in; but con-

sidering that the case was half tried before there was any attempt to plead defect of parties, and that it would involve taking deposition in a foreign country, we think there was no abuse of discretion in denying the amendment asked, especially since appellants are in no wise prejudiced thereby. Nor are other heirs, if any there be, wronged or concluded by the decree herein. If such heirs there be, they took their share in Johnson's real estate when he died, subject only to taxes, debts, and expenses of administration. It may be conceded that if the court deemed it advisable to postpone the trial until other parties were brought in, opportunity should have been given to do so, and plaintiff would seem to be the one who would have a grievance if it were not done, not appellants. In this case the evidence of the deceased brother that the deceased sister left children now living is far from satisfactory. Rundell v. McDonald, 62 Cal. App. 721, 217 P. 1082, appears in point, where it was held that in an action for specific performance of an oral contract to devise property to the plaintiff, where the surviving husband of the promisor as administrator was defendant, the objection was untenable that the other heirs of his wife should have been made parties. The court, after stating that when a person dies without fulfilling a valid promise to bequeath his property to a certain person, said that the property is held in trust by the heirs in severalty, and that the appellant husband and administrator had no reason to complain because coheirs were not made parties, for the decree would not affect their rights since they were not indispensable parties.

Appellants can hardly object to there being no proof of heirship, for as far as they are concerned it was conceded at the trial that they were such, and their relationship to deceased was directly testified to by his brother.

It is contended that the agreement is not enforceable for various reasons. It is said the evidence is not clear, satisfactory, and convincing. We think it was clear enough from the testimony of the mother. The agreement was simple and plain. The purport thereof has already been set out. It did not rest in parol. It was evidenced by letters passing between deceased and plaintiff's father.

The letters could not be produced at the trial, but evidence of their contents was given. As above stated, this evidence is clear, satisfactory, and convincing. Plaintiff's whole life, subsequent to 1890, is a corroboration of the contract, and so was that of deceased. The various admissions testified to by several witnesses as having been made by deceased confirm the contract. The contention that the contract lacked consideration is bound up with the claims that the services plaintiff rendered were fully paid and, at any rate, were such that adequate compensation can be awarded in an action at law, hence specific performance should not be granted. By foregoing the love and care of his own parents from the time plaintiff was six and a half years old and devoting his affections and filial services to deceased and his wife during their life, there was adequate consideration on both sides. That deceased gave plaintiff $300 when he was married cannot be taken as a payment for past services, but rather as a wedding gift which any parent would be glad to bestow on a son. True, there is evidence that the gift was made at a great sacrifice on the part of deceased; but what parent is not eager to sacrifice for a child on such an occasion? There was no testimony from which the court could find that the $300 was given or received as payment for services rendered. And as to the contention that specific performance should not be decreed because the services are those of a farm hand and an action at law affords adequate relief, it is enough to point out that there is here not only part performance but full performance by plaintiff of his part of the agreement, which necessarily included the domestic and personal duties of a son to his parents. Such services were not fully completed until he had given the care and attention deceased and his wife needed in their last illness. Up to that time he was not free to leave them for any undertaking of his own. Here no statute of limitation can be invoked. We think the services rendered by plaintiff and required under the contract were of that peculiar domestic and filial character which cannot be adequately compensated in money; but that specific performance is the proper remedy.

The law is fully stated and prior decision cited in the late cases

of Brasch v. Reeves, 124 Minn. 114, 144 N. W. 744; Morrow v. Porter, 161 Minn. 396, 202 N. W. 53; Happel v. Happel, 184 Minn. 377, 238 N. W. 783, 784. In the Happel case specific performance of an oral contract to give plaintiff certain lots was denied because the trial court found that there had not been sufficient performance on the part of plaintiff, and also because the services were such as could be adequately compensated in money. In the case previous decisions are reviewed and this statement made [184 Minn. 381]:

"The general equity rule is that the value of intimate companionship and personal care and attention, such as is common among members of a family living together; cannot be measured in money so as to be recoverable in an action at law. This court has perhaps gone as far as any of the courts in so holding. Colby v. Street, 146 Minn. 290, 178 N. W. 599; Morrow v. Porter, 161 Minn. 396, 202 N. W. 53; Olsen v. Dixon, 165 Minn. 124, 205 N. W. 955."

The services are not like those in Simonson v. Moseley, 183 Minn. 525, 237 N. W. 413, where there was no finding that the services rendered were not such as could be compensated in money. The trial court found the contract was made and that plaintiff had performed his part thereof and thereby assumed peculiar domestic and personal relations as son of deceased and member of his family, giving him the society and services incident thereto of a character and value not measurable in money. Of such findings it was said in Freeburg v. Honemann, 126 Minn. 52, 57, 147 N. W. 827, 829:

"The binding force of the findings of the trial court upon appeal is equally strong, whether the case be one wherein plaintiff is required to establish his cause of action by a mere preponderance of the evidence, or it be one where he must adduce clear, convincing and satisfactory evidence in order to prevail."

We deem all the essential findings to be well supported.

The order is affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.

78

Mr. Justice Peterson, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.