JACOB FISHSTROM v. BANKERS MUTUAL CASUALTY INSURANCE COMPANY.[1]

October 11, 1907.

Nos. 15,309—(84).[2]

**Vacating Default Judgment.**

> *Held*, following Crane & Ordway Co. v. Sauntry, 90 Minn. 301, that the trial court did not err in granting defendant's motion to set aside the default judgment herein and permit it to answer.

Action in the municipal court of St. Paul to recover $60 upon a certificate of insurance. From an order, Hanft, J., vacating and setting aside a judgment entered by default, plaintiff appealed. Affirmed.

*A. J. Hertz*, for appellant.

*Thomas C. Daggett*, for respondent.

START, C. J.

This action was brought in the municipal court of St. Paul to recover $60 upon a certificate issued by defendant to plaintiff, indemnifying him against personal bodily injuries. Summons was served on March 18, 1907, upon an agent of the defendant in St. Paul, and on March 30, 1907, judgment was entered against the defendant by default. April 4 the defendant served notice of motion to set aside the judgment and to be permitted to serve its proposed answer. The motion was heard on April 10, 1907, and two days thereafter the trial court made its order granting the relief asked on condition that the defendant pay the plaintiff the costs and disbursements taxed in the judgment. He appealed from the order.

The motion was one addressed to the discretion of the trial court, and we cannot interfere with its action, unless it appears from the record that in making the order the court abused its discretion. There was evidence before the trial court which would justify a finding that the defendant was misled as to the date of the service of the summons and understood that it was served on March 21, 1907, and in justifiable reliance upon such understanding it failed to serve its answer in time,

[1] Reported in 113 N. W. 267.          [2] October, 1907, term.

and, further, that it was not guilty of any laches in moving for relief after it learned of the mistake. Hence the trial court did not abuse its discretion in granting the defendant's motion.

The plaintiff, however, urges that there was no affidavit of merits. The general rule is that on a motion to set aside a default judgment an affidavit of merits is essential. The rule is one of practice, and the sufficiency of such an affidavit or the necessity for one, where it fairly appears from the records and papers upon which the motion is based that the moving party has a good cause of action or defense on the merits, is a question for the trial court. Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794.

The proposed answer in this case, a copy of which was attached to and made a part of the petition for relief, alleges a defense on the merits. The plaintiff urges that the answer was not verified. Whether it was or not does not appear from the record, except that the trial judge stated in his memorandum to the order that the original verified answer was produced in court. Whether this statement be treated as a part of the record or not, it is clear from the record proper that the trial court did not err in making the order.

Order affirmed.