# LAURA HORNUNG BARRETT v. P. J. THIELEN AND ANOTHER.[1]

### May 31, 1918.

### No. 20,821.

**Trust — when heir's inheritance is impressed with a trust.**

1. Property descending to an heir may be and is impressed with a trust in favor of a third person, an intended beneficiary, where decedent makes known to the heir his intention to grant a part thereof to such third person, and, by the conduct of the heir and in reliance upon his promise to distribute the property accordingly, decedent is prevented or induced to refrain in his lifetime from making a will or other legal disposition giving effect to his intention.

[1]Reported in 167 N. W. 1030.

**Same — equitable title of defendant.**

2. The rule applies to the facts stated in the opinion, and thereunder it is *held*, that the real property involved in this action, though the record title thereof stands in the name of plaintiff in equity belongs to and is the property of defendant.

**Same — evidence.**

3. It was purchased with money of the estate descending to plaintiff, which she was under obligation to divide with defendant, and the evidence justifies the conclusion that it was so purchased in part performance of plaintiff's said obligation and solely for the use and benefit of defendant.

Action begun in the municipal court of Minneapolis to recover possession of certain premises. The separate answer of Margaret Thielen set up in substance the facts stated in the third and fourth paragraphs of the opinion, and alleged that since November, 1912, defendant had been in possession of the premises in question and had made valuable improvements thereon. The case was tried in the district court for Hennepin county before Leary, J., who when defendants rested denied plaintiff's motions to remand the case to the municipal court, and a jury which returned a verdict for defendants. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Cobb, Wheelright & Dille* and *George Hoke,* for appellant.

*A. C. Finney,* for respondents.

BROWN, C. J.

In an action to recover the possession of certain real property defendants had a verdict and plaintiff appealed from an order denying her motion for judgment or a new trial.

The ownership of the property was by the pleadings made the principal issue in the case. The jury by their verdict found the defendant, Margaret Thielen, to be such owner, and if that finding is sustained by the evidence, her right of possession is clear, for the case involves no leasehold or other like interests in or to the property. The verdict is challenged as not supported by the evidence, and, aside from an alleged error in the instructions to the jury, the assignments of error in that respect present the substantial question on the appeal.

It appears from the record that plaintiff and defendant Margaret Thielen are half sisters; defendant being the daughter of their mother by her first husband, and plaintiff a daughter by a second marriage. The mother married as her second husband one Adam Hornung. Some time after that marriage the family as thus constituted moved to Minneapolis, this state, where with funds in part accumulated by Mrs. Hornung in her millinery business theretofore carried on at Chicago, her former residence, they established a general dyeing business which was thereafter conducted for many years. The business was successful and all members of the family, including the daughters, were engaged therein and by their labors contributed to its success. The daughters grew to womanhood and were married. Mrs. Hornung died, leaving the property and effects accumulated by their joint efforts in the name and under the control of Mr. Hornung, the husband. Plaintiff was his sole heir and entitled on his death to inherit the whole thereof to the exclusion of defendant. Hornung was taken ill and went to California for relief. He died there on the twenty-ninth of March, 1912. He made no will or other testamentary disposition of this property, the value of which at the time of his death was something over $30,000. His estate was subsequently administered in the probate court of Hennepin county, and the entire property by the final decree assigned to plaintiff as the sole heir; such decree having been entered in the due course of procedure on the seventeenth day of December, 1912.

There is no controversy about the foregoing facts; they are historical or explanatory, and lead up to certain pivotal questions upon which the evidence is flatly contradictory, with reference to which it may be said that, if the evidence produced by defendant is worthy of belief, the jury were justified in finding therefrom the following additional facts. Hornung's illness took a critical turn some time late in March, 1912, and plaintiff was called to his bedside, which she reached on the twenty-sixth of that month. Defendant presented competent evidence to the effect that soon after the arrival of plaintiff, Hornung called her attention to the fact that he had made no will disposing of his property, and stated that he desired it to be divided equally between plaintiff and her sister, defendant herein. He further stated that he would have a notary called in to prepare a will or other instrument to give effect to his wishes

and intentions, unless plaintiff would promise to transfer and set over to defendant at his death one-half of all his estate, all of which without a will would descend to plaintiff. Plaintiff assured him that a will or other legal document was unnecessary, and that she would fully comply with his wishes and set over to defendant one-half of the property at the proper time. Upon this promise being made Hornung made no further effort to execute a will, and he relied wholly upon plaintiff to carry out his request, which she subsequently failed to do. There appears to have been no family trouble, and Hornung recognized defendant as a member of the family after the death of the mother, and entitled to share in the estate with plaintiff; in fact he seems to have been as much attached to defendant as to his own daughter. Defendant knew nothing of the promise of plaintiff to divide the property at the death of Hornung, and she presented no claim to the probate court therefor.

The evidence further justified the jury in finding that the promise and conduct of plaintiff in the respect stated in effect prevented Hornung from making a will or other instrument disposing of his property in accordance with his desire so expressed to plaintiff. The evidence also justified the jury in finding that in November, 1912, prior to the entry of the probate decree in the Hornung estate, plaintiff, with funds belonging to the estate, purchased from the owner the property involved in this action for the use and benefit of defendant, and formally presented it to her as her property, stating that she had purchased it for defendant, that it belonged to her and she might make such improvements thereon as she deemed best. The title was taken in the name of plaintiff, and this she explained was intended to protect the property for defendant and preclude defendant's husband from mortgaging the same should he desire to do so to raise money for business purposes. Defendant had theretofore been in possession of the property as the tenant of the former owner, but she accepted the gift from plaintiff, continued in possession, paid the taxes subsequently accruing, and made certain valuable and permanent improvements upon the premises. She thereafter believed herself the owner of the property, and had no intimation to the contrary or of a claim of ownership by plaintiff until

about the time of the commencement of this action, some 4 years after the acquisition of the title as heretofore stated.

The only question presented is whether, on the facts stated, the jury were justified in finding defendant Margaret Thielen to be the equitable owner of the property, with the legal title in plaintiff without beneficial interest, and so held in trust for the use and benefit of that defendant. The question must be answered in the affirmative. The case comes within the rule applied by the authorities generally, that where a decedent in his lifetime makes known to his heir a desire that his property shall be disposed of in a particular manner, and by the acts and conduct of the heir decedent was prevented from making a will or other instrument giving effect to his intentions, or was persuaded not to do so by the promise of the heir to distribute the property at the death of decedent in harmony with his directions, in reliance upon which promise no will was made, on the refusal of the heir to make such disposition at the proper time equity will convert the title acquired by him as heir into one for the use and benefit of those to whom decedent intended the property should go, with the legal title in the heir as trustee only. 2 Pomeroy, Eq. Jur. 919; 39 Cyc. 177; Brook v. Chappell, 34 Wis. 405; Tyler v. Stitt, 132 Wis. 656, 112 N. W. 1091, 12 L.R.A.(N.S.) 1087, 122 Am. St. 1012; Smullin v. Wharton, 73 Neb. 667, 103 N. W. 288, 106 N. W. 577, 112 N. W. 622, 113 N. W. 267; Parker v. Urie's Exrs. 21 Pa. 305; Ransdel v. Moore, 153 Ind. 393, 53 N. E. 767, 53 L.R.A. 753. The refusal of the heir to comply with the promise is treated as fraudulent, and actual fraud in inducing the decedent to refrain from making a will need not be shown, and the statute of frauds has no application. Wilder v. Scholey, 83 Oh. St. 204, 93 N. E. 1098, 33 L.R.A.(N.S.) 995, 21 Ann. Cas. 1379, and authorities therein cited; Gilpatrick v. Glidden, 81 Me. 137. The property in question was purchased by plaintiff with funds of the estate, for the use and benefit of defendant, and constituted a part performance of her promise to divide the property with defendant and a gift or transfer of the same to her. It was accepted by defendant. Plaintiff is not therefore the owner of the property, except as she holds the record title. Defendant is the beneficial owner, and the legal title is so held

by plaintiff as trustee. The jury therefore properly awarded their verdict in favor of defendants.

The point that the court erred in its instructions is not sustained. It may be conceded that a trust of this character must be shown by clear and convincing evidence, and that the court, at least when requested, should so charge the jury. But there was no such request in the case at bar, nor proper exception to the failure to so charge. The exception appears not to have been taken until the jury had retired to consider the case. Plaintiff was in no way prejudiced.

Order affirmed.

On July 5, 1918, the following opinion was filed:

PER CURIAM.

In denying appellant's application for a rehearing in this cause we take occasion to say, that there may be no misunderstanding of the basis of our decision, that the verdict of the jury finding defendant to be the owner of the property in question was sustained upon the theory and ground that there was a parol gift thereof to defendant which she accepted. The statement of the evidence and the reference to the rules of law applicable to the question of the alleged trust was merely incidental to the issue respecting the gift, showing a reason therefor, and there was no intention of finally or otherwise adjudicating upon the rights of the parties as to property not involved in the action. Marvin v. Dutcher, 26 Minn. 391.

Application for rehearing denied.