## THERESA POTZ v. CIGARMAKERS INTERNATIONAL UNION OF AMERICA.[1]

June 14, 1918.

No. 20,896.

**Benefit associations — defendant beneficiary — question for jury.**

Plaintiff's son died while a member of defendant union, and the laws of the union entitled plaintiff to a "death benefit," if she was "dependent for support in whole or in part" upon her son at the time of his death. *Held* that the evidence made the question as to whether she was so dependent a question of fact for determination by the trial court.

Action in the district court for Blue Earth county by Theresa Potz, individually and as administratrix of the estate of Bernard Prosser, deceased, to recover $550 as a death benefit. Defendant interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, Quinn, J. The case was tried before Comstock, J., who made findings and ordered judgment in favor of defendant dismissing the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*C. O. Dailey,* for appellant.

*Hughes & Ellsworth,* for respondent.

TAYLOR, C.

Bernard Prosser died at Crookston, Minnesota, on December 28, 1914. At the time of his death and for more than 25 years prior thereto, he had been a member in good standing in the defendant union. Plaintiff, his mother, brought this suit to recover a death benefit to which she claimed to be entitled under the laws of the union. The trial court

[1]Reported in 168 N. W. 126.

rendered judgment in favor of defendant and plaintiff appealed therefrom.

Defendant is a trade union and issues no insurance policies or certificates, but provides in its constitution for the payment of a death benefit where a deceased member has been a member continuously for 5 years or more.

Section 144c of defendant's constitution is as follows: "A member may at any time designate the person or persons to whom his death benefit shall be paid. Such designation shall be in writing, signed by such member and witnessed by the secretary of the local union to which such member then belongs or by two other creditable persons, and such member may at any time thereafter in like manner change such designation. If there be no such designation, or if the paper making such designation be not deposited with the President of the International Union within thirty days after the death of such member, such benefits shall be paid to the widow of such deceased member; if there be no widow, then to the minor children of such deceased member, and if there be no widow and no minor children of such deceased, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member. If there be no written designation produced and deposited, as above required, no widow, no minor children, nor such dependent relative of such deceased member, or if no application in writing as hereinafter provided for the payment of such death benefit shall be made within one year next after the death of such member, then all right and claim of any and every person to such death benefit shall wholly cease and determine. Such application shall state the name and date of the death of the deceased member, a statement of the facts on which such claim is based shall be verified by the oath or affidavit of the applicant and shall be accompanied by the official report of such death or certified copy of such report. In case the designation of the beneficiary of any such death benefit is made by a will the original of which is required by law to be filed in court, a certified or sworn copy of such will in lieu of the original may be deposited. Want of knowledge of the death of a deceased member, or of his membership, or of the liability of the union to pay such death benefit, or of any other fact, thing

or happening shall not operate to extend the time for the doing or performing of any act or thing herein required to be done or performed by any beneficiary or claimant of any interest in or to any such death benefit."

Bernard Prosser died without designating the person to whom his death benefit should be paid, and left neither widow nor children. Plaintiff, to establish her right to this benefit, was required to show that she was "dependent for support in whole or in part upon" Bernard at the time of his death, and that she presented a written application for the benefit containing a verified "statement of the facts on which such claim is based" within one year after his death. The trial court found as a fact that plaintiff had not presented her claim within the time or in the manner required by defendant's constitution, and also found as a fact that: "Said Bernard Prosser, now deceased, has not made his home or lived with the plaintiff, but at infrequent intervals said Bernard Prosser sent small sums of money as gifts to the plaintiff, but that, during all of said time, the plaintiff has not been dependent upon said Bernard Prosser for her support, and he has not been charged with the support of the plaintiff, and within the meaning of the constitution of said association the plaintiff has not been and is not a dependent of said Bernard Prosser." If this last finding is sustained by the evidence it is decisive of the case, whether proper proofs of the claim were or were not presented within the prescribed time.

Plaintiff is a widow, her second husband having died in 1896. Plaintiff owns a dwelling house in the city of Mankato which for 15 years or more has been occupied by her son-in-law and his wife, plaintiff's daughter. They pay the taxes on the property, and in lieu of rent plaintiff lives with them and receives her board. She also works for others when able. She was 75 years of age at Bernard's death.

Bernard was a cigar maker who went from place to place working at his trade, and died at the age of 45 years unmarried. He left Mankato more than 20 years ago and never afterwards resided there. He visited his mother some half dozen times in the last 15 years. About 14 years ago she had an operation performed by the Mayos at Rochester and he furnished a part of the money to pay for this operation. Apparently about the same time he also furnished a part of the money for putting in a

sidewalk and sewer at her home. Neither plaintiff nor her daughter are able to give the amount of these contributions, but state that they were made some 14 years ago. Plaintiff testifies that shortly before his death Bernard sent her ten dollars in a letter, and that he had also sent her ten or fifteen dollars about a year, or a little more, before that. She further testifies that Bernard sent or gave her money at other times, but does not remember either the dates or the amounts. She thinks that he gave her money on an average of once a year in amounts of ten or fifteen dollars and sometimes more; but also states that once she failed to hear from him for such a long time that she thought he must be dead. The fact that Bernard was in the habit of making his mother a present of ten or fifteen dollars at intervals of about a year, taken in connection with the other facts, does not show conclusively that she was dependent upon him in part for her support. The most that we can say for the evidence is that it made the question as to whether she was "dependent for support in whole or in part upon" him a question of fact for determination by the trial court. And the finding of the trial court that plaintiff was not dependent upon Bernard is not so manifestly against the evidence as to justify this court in setting it aside. It follows that the judgment must be and is affirmed.