In the Matter of the Estate of EUGENE A. WILSEY, Deceased.

Surrogate's Court, Suffolk County, October 13, 1931.

*Almon G. Rasquin*, for the State Tax Commission.

*Edgar P. Foster*, for the executor.

PELLETREAU, S. Eugene A. Wilsey died on the 19th day of July, 1930, leaving a will probated in this court October 14, 1930. He left a net estate of approximately $80,000.

The will directed the payment of the debts and funeral expenses and the payment of six bequests of $1,000 each. After the payment of the aforesaid, the will provided as follows:

" *Eighth.* All the rest, residue and remainder of my estate, I give, devise and bequeath to my half-brother, Milton L. Wilsey, and *my step-mother*, Edna Lusk Wilsey, or the survivor of them. It being my intention if they both survive me, that they shall share the same equally."

The matter was sent to the official appraiser who reported the value of the one-half of the residuary estate left to Edna Lusk Wilsey, stepmother of the deceased, to be $37,454.03 and that a mutually acknowledged relationship of mother and son existed between the said testator and his stepmother aforesaid, and upon that theory the tax upon said amount was fixed at $399.08 in accordance with a report of the referee.

An appeal was taken by the State Tax Commission upon the contention that said legatee does not come under the provisions of the law and that she should pay a tax as defined in subdivision 3 of section 221-a of the Tax Law of the State of New York, to wit:

|  | Bequest | Tax |
|---|---|---|
| Five per cent upon the first............. | $25,000 00 | $1,250 00 |
| Six per cent upon the balance of........ | 12,454 03 | 747 24 |
| Total.......................... | $37,454 03 | $1,997 24 |

The only provision of the statute in this relation which applies to a mutually acknowledged relationship of parent and child is subdivision 2 of section 221-a of the Tax Law as follows: " Upon

all transfers taxable under this article of property or any beneficial interest therein in excess of the value of five hundred dollars, to a brother, sister, wife or widow of a son, or the husband of a daughter of the decedent, grantor, bargainor, donor or vendor, *or to any child* to whom any such decedent, grantor, bargainor, donor or vendor for not less than ten years prior to such transfer stood in the mutually acknowledged relation of a parent, provided, however, such relationship began at or before the child's fifteenth birthday and was continuous for said ten years thereafter, the tax on such transfers shall be at the rate of

" Two per centum on any amount up to   *   *   *."

I do not think that there is enough in the affidavits or record to sustain the contention of the executor as to that mutually acknowledged relationship. In most well-ordered families where there are a stepmother and children of a first wife, those children referred to their stepmother as " mother " and she in turn treats and calls the children as though they were her own. I do not think that means much where property rights are concerned.

Furthermore, it is clear that the benefits of this provision apply only in a transfer *to a child* from a decedent, grantor, donor or vendor who has stood in the mutually acknowledged relation of parent. As the statute does not so provide, I cannot hold the converse to be true, namely, that the same benefit will be afforded to the parent, so called, when taking a transfer from such child.

To sustain his contention the executor cites *Matter of Birdsall* (22 Misc. 180, 186); *Matter of Wheeler* (1 id. 450, 454) and *Matter of Kirkland* (94 id. 58). None of these cases are in point. They sustain the contention of the State Tax Commission rather than that of the executor. In each of those cases the claimants themselves claim to have stood in the mutually acknowledged relation of child to the testator. Their having sustained that claim by proof did come under the specific benefits of the statute above recited.

The other case cited by the executor (*Matter of Butler*, 129 Misc. 396) does not meet the situation in this case at all. In that case a child died on the 25th day of March, 1926. Prior to that she had been legally and formally adopted in pursuance of the laws of the State of Connecticut on February 21, 1924. Such adoption was legal and recognized as such in the State of New York and the court properly so held.

Section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608) then read and now reads as follows: " The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including

the right of inheritance from each other, &ast; &ast; &ast; and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting."

In that case the claimant was the surviving foster parent. The entire estate of decedent passed by intestacy to the decedent's father, the adoptive mother having predeceased the child. The Domestic Relations Law, before referred to, expressly so provided. The exemption in that case, claimed by the father, came expressly under his rights covered by the Domestic Relations Law. That case likewise does not sustain the executor's contention.

The contention and appeal of the State Tax Commission herein is sustained and an order may enter fixing the tax accordingly.