JAMES T. RAMSAY AND ANOTHER v. E. MARIE BARNARD.[1]

June 23, 1933.

No. 29,429.

*E. Luther Melin,* for appellant.
*Patterson & Southwick,* for respondents.

*WILSON, Chief Justice.*

Defendant appealed from an order refusing to vacate a default judgment previously entered and to permit her to interpose an answer.

Plaintiffs sold defendant a city lot with a dwelling house thereon on contract for deed. The purchase price was $5,750, payable as

[1]Reported in 249 N. W. 192.

follows: $500 in cash, $3,500 by assuming an existing mortgage of that amount, the balance of $1,750 payable in monthly payments of $35 on or before August 20, 1930, and $35 on or before the 20th day of each month thereafter until said sum of $1,750 shall have been paid, including interest from August 1, 1930. Defendant being in default, this action was commenced for the specific performance of the contract.

Defendant's demurrer to the complaint was overruled, and the court made no provision for the defendant to answer, her time to do so having expired.

Within a reasonable time defendant applied for leave to answer, submitting therewith a proposed answer wherein she sought to allege that the contract was induced by fraud, in that it alleged that plaintiffs through their agent who negotiated the sale "fraudulently and wrongfully represented that the property described [probably meaning the house] in the complaint was well built, was suitable for a home for this defendant, was readily re-salable at a price in excess of $5,750, the price named in the contract in question."

When the application was heard judgment had been entered as in default, and the court treated the application as one to vacate the judgment and as leave to serve said answer. The court denied the application, and this appeal followed. Plaintiffs' affidavits as to the facts in the case which bear upon the merits of defendant's contention stand undenied, and they go far toward destroying defendant's alleged defense. A letter in evidence, which defendant wrote to plaintiff from Mena, Arkansas, while on her summer vacation, reads:

"I have been away and on my return found your letter and telegram. In reply will say I can go no farther with the house 4632 Aldrich Ave. So. I have tried to get money both at Hot Springs and Little Rock and to no avail. Have been advised by attorney and business men that I will eventually lose it—so why not now. The only thing I can do is return it to you and it is now in better shape than when I got it for all repairs have been kept up and paid for.

"I am loaded to the hilt here in Mena trying to care for an aged mother and keep a roof over her head.

"Our school salary has been cut and may be cut again so there is nothing there to rely on. Hence I relinquish all claim on bungalow at 4632 Aldrich Ave. So.

"I [am] more sorry than you that this is the case and hope you don't hold too much enmity against me for this. I have done the best I could under present conditions. I could do nothing else."

The rules applicable to a motion to strike a pleading as sham or frivolous do not control in a motion of this character, wherein the court had a right to consider the affidavits as bearing upon the propriety of granting or denying the motion before it. The dilatory conduct of both defendant and her counsel, as well as the facts and circumstances disclosed by the record, tended to support the conclusion of the trial court that the answer was in fact sham and frivolous and interposed for a dilatory purpose.

The application was a discretionary one. Fishstrom v. Bankers Mut. Cas. Ins. Co. 102 Minn. 228, 113 N. W. 267. We are of the opinion that the court did not abuse its discretion in denying the application. Hence we do not discuss the very doubtful question as to whether the allegations in the proposed answer are sufficient to constitute actionable fraud in the face of the claim that the allegations show no more than trade talk, puffing, matters of opinion, all made between parties dealing at arm's length in the absence of any fiduciary relations.

Affirmed.