IN RE ESTATE OF GILBERT K. OLSON.

OLAUS K. OLSON AND OTHERS v. JOHNNY O. OLSON.[1]

April 29, 1955.

No. 36,550.

---

[1]Reported in 70 N. W. (2d) 107.

*John W. Peterson* and *Kief & Kief*, for appellant.
*Nelson & Oyen*, for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying the motion of Johnny O. Olson for amended findings and conclusions of law and for an order confirming a decree of the probate court dated April 27, 1954.

The facts in this case are not disputed. Johnny O. Olson was born February 17, 1900. When he was two weeks old he was taken by the Children's Home Society in St. Paul to the home of Ole K. and Jorgina Olson near Milan, Minnesota, and at that time there was an agreement between the Children's Home Society and the Olsons to adopt Johnny. Although Johnny lived with the Olsons until his marriage in 1923 and was treated as their son, he was never adopted by them in the manner prescribed by the statutes of the state of Minnesota. Ole K. Olson died in 1937. On May 25, 1953, Gilbert K. Olson, a brother of Ole K. Olson, died intestate. Gilbert left surviving him a brother, Olaus K. Olson, and three nieces, Tillie Hanson, Helen Endresen, and Ethel Roster, daughters of a deceased brother, Engebret Olson. All of said survivors are respondents here.

After the death of Gilbert K. Olson, Johnny O. Olson petitioned the probate court of Chippewa county, Minnesota, to have one-third of Gilbert's estate decreed to him as an adoptive nephew, claiming that he was an adopted son of Ole K. Olson; that as such adopted son he is an heir of Gilbert K. Olson; and therefore that he is entitled to one-third of his estate. On April 27, 1954, the probate court declared that Johnny O. Olson was a son and heir of Ole K. Olson and, as such, an heir of Gilbert K. Olson.

Respondents here appealed to the district court, which court in its conclusions of law reversed the order and determination of the probate court and decided and decreed that Johnny O. Olson was not an heir of Gilbert K. Olson and not entitled to inherit or share in the assets of the estate of Gilbert K. Olson.

On appeal to this court it is the position of Johnny O. Olson that this is not a proceeding to enforce specific performance of a contract of adoption but that it is one to determine heirship flowing from such status of adoption. It is his contention that in Minnesota an adoption can be made pursuant to statutory procedure or by an equitable adoption under the decisions of this court. He claims that an equitable adoption is accomplished pursuant to the equitable doctrine that equity considers that done which ought to be done. Appellant further contends that this court in In re Estate of Berge, 234 Minn. 31, 47 N. W. (2d) 428, laid down three elements to prove an adoption: (1) Who the parties to the alleged agreement to adopt were; (2) when or where it was made; or (3) that anyone acted in such a manner that the existence of such an agreement should be implied. It is his contention that all three requirements were fully met by the evidence in this case. A review of In re Estate of Berge, *supra*, discloses that the three requirements referred to were not used to prove an adoption but rather a contract to adopt.

On the other hand, respondents contend that there is no such thing as an equitable adoption which affects the status of inheritance.

■ Most of the leading cases have been collected in Annotation, 27 A. L. R. 1327, and supplemental Annotations, 142 A. L. R. 84 and 171 A. L. R. 1316. The general rule in this country as stated therein is that contracts to adopt not performed by effectual adoption

proceedings during the life of the adoptive parent will, upon the latter's death, be enforced to the extent of decreeing that the child occupies in equity the status of an adopted child or, at least, is entitled to such right of inheritance from the estate of the adoptive parent as a natural child would enjoy in such cases where the child in question has fully and faithfully performed the duties of a child to the adoptive parent and the circumstances require the relief as a matter of justice and equity.

While most cases have allowed the child to share in the estate of the one promising to adopt, the reasoning in arriving at that conclusion is not always the same.

In Taylor v. Coberly, 327 Mo. 940, 38 S. W. (2d) 1055, the court stated that it was well settled that a court of equity has jurisdiction to enforce a parol contract and decree the child to be an adopted child and an heir of the adoptive parents where the contract has been fully performed by the child and it would be inequitable to deny adoption.

In Caulfield v. Noonan, 229 Iowa 955, 295 N. W. 466, the court, referring to an earlier Iowa case, took the position that the authorities upholding the right to specific performance in cases where a contract to adopt had been shown never decree that the child is entitled to the right of inheritance as an heir. The court went on to say that the authorities do not undertake to change the status of either party but merely to enforce a contract which had been fully performed on one side. It concluded that, to take by inheritance, one must be within the statutes relating to the succession to estates and that, if he claimed by adoption, he must show a valid execution of the instrument of adoption and compliance with the requirements of the statutes relating to adoption.

Another approach to this subject is shown in Wooley v. Shell Petroleum Corp. 39 N. Mex. 256, 45 P. (2d) 927, where the court said that specific performance of a contract to adopt is impossible after the death of the parties who gave the promise. The court commented, however, that equity was driven to the fiction that there had been an adoption and that, inasmuch as that fiction had been in-

dulged in, the case was not one of specific performance. Rather, it was the court's position that it remained merely to apply the statutes of descent and decree the succession. The court further said that the case before it was not strictly one of specific performance but that the basis of the remedy was equity's power and strong inclination to prevent a fraud.

Our own court has gone as far as to say that, if the contract to adopt merely provides that the child should be adopted and contains no express provisions in respect to property rights, the child in that case becomes entitled to the property rights of an adopted child as given by the statute. In re Estate of Firle, 197 Minn. 1, 265 N. W. 818; Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L. R. A. 1916D, 421.

Appellant cites In re Estate of Firle, *supra,* as a controlling case. In that case, William A. and Mary Firle in 1896 took the child, who will be referred to as William, Jr., from the Bethany Home for the purpose of giving him a home. William, Jr., based his claim to the estate of Mary Firle on an alleged contract to adopt, fully executed. Sisters of Mary Firle contended that, since no steps were ever taken to effect a legal adoption, William, Jr., could not inherit from his foster parents and that they, as next of kin of Mary, were entitled to have the estate distributed to them. The probate court awarded decedent's entire estate to William, Jr., which award was affirmed by the district court. Upon appeal here, this court said that the facts all indicated that there was an agreement to adopt; that the adoptive parents repeatedly stated that they had adopted him; and that the evidence all corroborated the existence of a contract to adopt between the Bethany Home and the Firles. The court further said that there seemed to be little question but that a contract to adopt of the kind referred to in that case, when executed, would give rise to the same obligations as would ensue from a full compliance with the adoption statute, citing Odenbreit v. Utheim, *supra*. It was the opinion of the court that the status of William, Jr., as an heir was properly before the probate court and that conduct and admissions expressed a contract which created a relationship of parent and adopted child.

454

If the fact situation here were the same as in the Firle case, we would have no difficulty following the holding in that case. However, we have a different situation here. Johnny O. Olson is not attempting to recover as an adopted son from the estate of his foster parents; he is seeking to recover from the estate of Gilbert K. Olson as the latter's adoptive nephew.

We agree with appellant to the extent that this is not a suit for specific performance of a contract of adoption. The contract in question, being one to adopt, cannot be enforced inasmuch as Ole K. Olson, the one promising to adopt, is deceased. We believe that an equity court, weighing the equities involved, may, in a situation such as was presented in the Firle case, treat the situation as though the relationship of parent and child had been established and may allow the child to inherit from the estate of the one promising to adopt. However, in our opinion, the relationship thus enforced does not create a legal adoption as provided in our statutes. When the words "equitable adoption" are used, it is our opinion that the court, under its general equity powers, merely is treating the situation as though the relationship had been created between the one promising to adopt and the beneficiary of that promise. All the rules which define the capacities and incapacities of persons to acquire rights or to be subject to duties are strictly legal. 1 Pomeroy, Equity Jurisprudence (5 ed.) § 98. Remedies of establishing or destroying personal status do not belong to the original jurisdiction of chancery and as far as it exists is wholly of statutory origin. 1 Pomeroy, Equity Jurisprudence (5 ed.) § 112, paragraph 10. In this state the statutes define a procedure to be followed in order to establish an adoption. A person may not become per se adopted unless those procedures have been followed. In our opinion the courts exercising their equity power may in a proper case, such as was presented in the Firle case, treat the parties as though an adoption had been made. It cannot create the status of adoption apart from the statutory procedures.

In the instant case, no equities have been shown in favor of Johnny O. Olson and against the heirs of Gilbert K. Olson; therefore, in our opinion, he has no rights in the estate of Gilbert K. Olson.

Affirmed.