## CARL K. LIFSON v. COMMISSIONER OF TAXATION.

195 N. W. 2d 190.

February 4, 1972—No. 42837.

*Warren Spannaus,* Attorney General, and *Louis Plutzer,* Special Assistant Attorney General, for relator.

*Lifson, Kelber, Abrahamson & Weinstein* and *Carl K. Lifson,* pro se, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Certiorari upon the relation of the commissioner of taxation to review an order of the Tax Court ruling that a parent in a mutually acknowledged parent-child relationship is a lineal ancestor and therefore a Class B donee for gift tax purposes under Minn. St. 292.07, subd. 5. We hold that § 292.07, subd. 5, is unambiguous and plain on its face and intentionally omits to extend the preferential Class B donee classification to the parent in a mutually acknowledged parent-child relationship. Accordingly, we reverse.

Section 292.07 establishes the deductions and credits for the state gift tax. Subd. 2 thereof sets the rates based on the class of the donee of the gift. Subd. 5 defines the classes of donees:

"Class A donees shall include only the wife and minor or dependent child of the donor, and a minor or dependent legally adopted child of the donor. *Class B donees shall include only the husband of the donor, adult child or adult legally adopted child and the lineal issue of such adopted child, lineal descendants and ancestors of the donor, any child of the donor to whom he or she has stood in the mutually acknowledged relation of parent for not less than ten years prior to the making of the gift if such relationship began at or before such child's fifteenth birthday and was continuous for ten years thereafter, and the lineal issue of such child.* Class C donees shall include only a brother or sister of the donor, a descendant of such brother or sister, a wife or widow of a son of the donor, and the husband of a daughter of the donor. Class D donees shall include all donees other than those includible in the foregoing classes." (Italics supplied.)

Respondent taxpayer, Carl K. Lifson, made a gift to Sophie Lifson of a subordinated mortgage note secured by real estate, the note having an agreed value for gift tax purposes of $45,000. It is undisputed that at the time of the gift, the donee, Sophie Lifson, the stepmother, and Carl K. Lifson, the stepchild, were in a mutually acknowledged parent-child relationship[1] for the period and under the conditions required by law.

The taxpayer, Mr. Lifson, filed a gift tax return computed

---

[1] To be a "mutually acknowledged child" by law, one must, for not less than 10 years prior to the gift, have a mutually acknowledged parent, and this reciprocal relationship must have begun at or before the child's fifteenth birthday. Minn. St. 292.07, subd. 5; and see, § 292.05, subd. 3. A "mutually acknowledged parent" is one who, needing the care and affection of someone willing to assume the status of child, takes without adoption a friend or relative into his household and assumes the parental role and receives filial attention in return. See, Matter of Beach, 154 N. Y. 242, 48 N. E. 516 (1897). The mutually acknowledged relationship is, then, one where, in an informal manner and without the youth's being a natural child or adopted youth, the individual takes in the youth and acts toward the youth as a begotten child and the youth reciprocates as a natural member of the family.

with rates applicable to gifts given to a Class B donee; this computation was predicated on the assumption that his mutually acknowledged parent was a lineal ancestor. The commissioner of taxation, however, by order imposed the rates and deductions applicable to a Class D donee. The Tax Court reversed[2] and the commissioner sought review by this court.

Although a gift from a mutually acknowledged parent to the mutually acknowledged child enjoys a Class B donee deduction for purposes of the parent's gift tax, § 292.07, subd. 5, does not correspondingly provide for gifts transferred from the mutually acknowledged child to the parent. The fundamental issue raised then is whether "lineal ancestor," defined as a Class B donee in subd. 5, includes the parental member of the mutually acknowledged parent-child relationship. Contending that § 292.07, subd. 5, is ambiguous as to how a gift from the mutually acknowledged child to parent should be classified, the taxpayer argues that by force of the language in c. 292, particularly § 292.05, subd. 1,[3] and § 292.07, subd. 5, the mutually acknowledged child must be regarded as a lineal descendant for gift tax purposes and that

[2] The Tax Court found: (1) Donor and donee had a mutually acknowledged parent-child relationship under Minn. St. 292.07, subd. 5; (2) donor had not been legally adopted by the donee; and (3) *donee is a lineal ancestor of the donor for gift tax purposes.* In the accompanying memorandum, the Tax Court concluded: (1) If the child had been the donee, the gift would have been a Class B gift; (2) to hold in the reverse situation, where the same relationship exists, that it would be a Class D gift would be absurd; and (3) this was a rare exception which was not provided for by the legislature.

[3] Section 292.05, subd. 1, provides in part: "The following specific exemptions shall be deducted in computing the amount of the gifts made to any single donee:

\* \* \* \* \*

"(2) $5,000, if the donee is the husband, an adult child, by blood or by adoption, other lineal descendant, or any mutually acknowledged child of the donor, or lineal descendants of such adopted or mutually acknowledged children;

"(3) $3,000, if the donee is a lineal ancestor of the donor."

therefore the mutually acknowledged parent must enjoy the reciprocal right of being a lineal ancestor. We disagree.

Lineal descendant and lineal ancestor by definition denominate natural issue and natural forbears. Other parent-child relationships, such as that effected by adoption, are creatures of statute, and we may look only to the statute and legislative intent to find the respective rights of the statutory parent and child. See, In re Estate of Hack, 166 Minn. 35, 207 N. W. 17 (1926) ; cf. In re Estate of Olson, 244 Minn. 449, 70 N. W. 2d 107 (1955). We have ruled for purposes of inheritance that, by force of the statutory provision now found in § 259.29, an adopted child is regarded as a lineal descendant of the adopting parent. In re Trust under Will of Holden, 207 Minn. 211, 291 N. W. 104 (1940). And while we have not ruled whether the adopted child's being a descendant confers all rights of ancestry on the adoptive parent, § 259.29 does provide that the adoptive parent may inherit from the adopted child. However, we have been unwilling to include the stepchild without statutory mandate, unless equitably adopted, as a descendant for inheritance. See, Barrett v. Thielen, 140 Minn. 266, 167 N. W. 1030, 168 N. W. 126 (1918). See, also, In re Estate of Olson, *supra.*

Since there is no language in § 292.07, subd. 5, which equates the mutually acknowledged child with a lineal descendant, the inference that the mutually acknowledged parent is an ancestor cannot be drawn.[4] Moreover, where the controlling statute is unambiguous, we cannot add that which is not present in the statute or supply that which the legislature purposely omits or inadvertently overlooks. In re Answer of Minnesota Power & Light Co. 289 Minn. 64, 182 N. W. 2d 685 (1970) ; Wallace v. Commr. of Taxation, 289 Minn. 220, 184 N. W. 2d 588 (1971). Finally, it is demonstrable that in conferring preferential rate status, the legislature intended that not every preference be

---

[4] See, Matter of Wilsey, 141 Misc. 632, 253 N. Y. S. 63 (1931).

reciprocal between donor and donee.[5] Section 292.07, subd. 5, encourages transfers of wealth during the lifetime of the donor, and the rate schedule demonstrates that transfers from older generations to younger generations, except where there are close blood or legally recognized ties, are preferred by the legislature.

Reversed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[5] A gift from a father-in-law to his son-in-law is granted a preference of Class C, but the converse gift from son-in-law to father-in-law is not included in Class C. This is also the case for gifts transferred from uncle to nephew or conversely from nephew to uncle. § 292.07, subd. 5.